IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 18, 2007 Session

# IN RE ADOPTION OF JORDAN S. HAYES (d.o.b. 01/10/99)

**Appeal from the Chancery Court for Weakley County**
**No. 19085     W. Michael Maloan, Chancellor**

_____

**No. W2006-00156-COA-R3-CV - Filed March 21, 2007**

_____

This is an adoption case involving a child support arrearage. By consent of the biological father, the trial court entered an order terminating the father's parental rights and permitting the husband of the biological mother to adopt the child. The order further stated that the biological father had satisfied all child support obligations. The State intervened in the action and filed a motion to alter or amend the order to include a provision stating that the father still owed child support. At a hearing, the mother stated that she had no desire to collect any child support arrearages from the father. In light of this, the trial court amended its order to reflect that the biological father owed the State a reduced child support arrearage, but owed nothing to the mother. The State now appeals, arguing that the trial court's order constituted an impermissible retroactive modification of the original child support order. We modify the order, finding that the trial court's order was, in fact, a retroactive modification of a valid child support order.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court is**
**Affirmed in Part, Modified and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Paul G. Summers, Attorney General and Reporter, and Warren Jasper, Assistant Attorney General, Nashville, Tennessee, for the appellant, State of Tennessee *ex rel*. Jessica Livingston.

Kenny L. Hayes, appellee, *pro se* (no brief filed).

**OPINION**

Jessica Livingston ("Mother") and Kenny Hayes ("Father") are the biological parents of the child at issue, Jordan Skylar Hayes (born January 10, 1999). Apparently, Mother and Father were never married, and Mother has been Jordan's custodian since her birth. Mother is now married to John Livingston ("Stepfather"). In January 2001, an order was entered requiring Father to pay child

support in the amount of $42.60 per week. Father failed to pay child support in accordance with the order.

On May 9, 2005, Mother, Stepfather, and Father filed a joint petition in the trial court, seeking to terminate Father's parental rights and permit Stepfather to adopt the child. In the petition, Father consented to the termination of his parental rights. The joint petitioners also sought termination of all of Father's obligations to the child, including "all past, present, or future child support obligations."

On May 23, 2005, a hearing was held on the joint petition. The appellate record does not include a transcript of the hearing. On June 13, 2005, the trial court entered an order granting the petition, terminating Father's parental rights as well as his "obligations to the minor child including any past present or future child support obligations."

On October 7, 2005, the State of Tennessee ("State") filed a motion to intervene. In the motion, the State asserted that Mother had received Title IV-D benefits, namely, Aid to Families with Dependent Children. Consequently, Mother's right to receive child support had been assigned to the State, pursuant to Tennessee Code Annotated § 71-1-124(a). On the same day, the State filed a motion to alter or amend the June 13 order. The State claimed that, as of the date of the trial court's order, Father owed a child support arrearage of $11,640.50. The State sought amendment of the trial court's order to acknowledge the biological father's obligation, arguing that forgiveness of the arrearage constituted an impermissible retroactive modification of a valid child support order.

On December 14, 2005, the trial court conducted a hearing on the State's motion to alter or amend. The appellate record does not include a transcript of that hearing, but does include a statement of the evidence submitted in accordance with Rule 24(c) of the Tennessee Rules of Appellate Procedure. According to the statement of the evidence, both Mother and Father testified at the hearing. Mother stated that she did not want to recover any past due child support from Father, and that she thought that, under the adoption order, Father would not have an obligation to pay any arrearage. Father testified that he consented to the adoption with the understanding that all child support arrearages would be forgiven and he would have no further child support obligations. The State argued that Mother's right to collect and receive child support payments was subrogated to the State, and that any forgiveness of Father's arrearage would be an impermissible retroactive modification of a valid child support order. The State further argued that, under the distribution rules in effect at that time, Father's arrearage to Mother and his arrearage to the State could not be separated, and, therefore, Mother could not forgive Father's obligation to her while leaving the amount owed for Title IV-D benefits intact.

At the conclusion of the hearing, the trial court issued an oral ruling. The trial judge commented that this was a "unique situation" in which the child had been adopted and Mother did not seek child support arrearages owed to her. Under these circumstances, the trial court held that Father would be obligated to pay the State $2,997.03, which reflected the amount owed for Title IV-D benefits at the time of the adoption, but that he would not be obligated to pay past due child

support owed to Mother. On January 4, 2006, the trial court amended its previous order to require Father to pay the State $2,997.03 in past due child support. Father was not required to pay anything more. From this order, the State now appeals.

On appeal, the State again argues that the trial court was without authority to forgive any portion of Father's child support arrearage, because such forgiveness constitutes an unlawful retroactive modification of a valid child support order. The issue raised in this appeal is a question of law, which we review *de novo* with no presumption of correctness accorded to the trial court's decision.[1] Tenn. R. App. P. 13(d); *see **State ex rel Pollard v. Castleman***, No. W2006-00411-COA-R3-JV, 2007 WL 177832, at *3 (Tenn. Ct. App. Jan. 25, 2007).

In the trial court below, neither Mother nor Father challenged the validity of Father's existing child support obligation. Rather, they assumed that they could privately agree to absolve Father of his child support obligation as part of the consent order terminating Father's parental rights. Although the record does not state expressly Mother's motivation for seeking to forgive Father's child support arrearage, we surmise that it was done to facilitate the termination of Father's parental rights and adoption of the child by Mother's husband. Likewise, we presume that the trial court's orders forgiving the arrearage in child support were issued on the premise that securing Father's consent to the adoption was in the long-range best interest of the child. Because Mother had received State public assistance benefits to care for the child, Mother's right to collect and receive child support from Father was subrogated to the State, and the State, of course, did not consent to forgiveness of the arrearage. Although the record is not entirely clear on this point, we presume that the amount of child support assessed against Father in the final order, $2,997.03, reflects the portion of the arrearage which would be collectable by the State to repay the benefits received from the State by Mother on behalf of the child.[2] Therefore, it appears that the trial court sought to absolve Father of the responsibility of paying the portion of the child support arrearage that Mother would receive, while requiring Father to pay the portion that would go to the State.

A child support order is a judgment, enforceable in the same manner as any other judgment issue by a court of law. *See* T.C.A. § 36-5-101(f)(1) (2005); ***Nash v. Mulle***, 846 S.W.2d 803, 804 (Tenn. 1993). As set forth in ***Rutledge v. Barrett***, 802 S.W.2d 604, 607 (Tenn. 1991), prior to 1987, a child support order could be modified retroactively under certain limited circumstances. *Id.* at 605-06. In 1987, in order to comply with conditions imposed by the federal government in order for states to receive very substantial amounts of federal assistance, Tennessee amended its statutes to remove

---

[1] Father has not filed a brief in this appeal, and we have entered an order stating that the case is to be decided on the basis of the appellate record and the State's brief.

[2] Indeed, the State is subrogated to Mother's right to collect child support only "[t]o the extent of payments of assistance." T.C.A. § 71-1-123(a)(2) (2004).

the state courts' authority to forgive past arrearages in child support cases.[3] *Id.* at 606. The 1987 amendment to the Tennessee statute "specifically bars retroactive modification" of a valid child support order.[4] *Id.* at 607. Therefore, since the 1987 amendment to the Tennessee statute, it has consistently been held that the courts are without authority to retroactively modify a valid child support order; once child support payments become due, they cannot be altered, reduced or forgiven by the courts. *See Castleman*, 2007 WL 177832, at *3.

Therefore, in the case at bar, even if the order in the trial court below was issued on the premise that forgiveness of the past due child support facilitated the child's adoption and consequently was in the child's best interest, the trial court was without authority to do so. Regardless of how laudable the goal, and despite the fact that this may be one of the "instances [in which] the effect of the statute may seem harsh," the statute clearly prohibits such a retroactive modification of the existing child support order. *Rutledge*, 802 S.W.2d at 607.

Consequently, we must hold that the trial court erred in not granting the State's petition to amend to reflect Father's obligation to pay the full amount of child support due as of the date of the filing of the petition for adoption. Accordingly, we modify the trial court's decision and remand with instructions to enter an order consistent with this Opinion.

The decision of the trial court is affirmed in part and modified, and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are to be taxed to Appellee Kenny L. Hayes, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[3] *See Baker v. State ex rel. Baker*, No. 01A01-9509-CV-00428, 1997 WL 749452, at *2-*3 (Tenn. Ct. App. Dec. 5, 1997) (discussing history of Title VI-D).

[4] The pertinent provision provides:

(f)(1)  Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state. *Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.*

T.C.A. § 36-5-101(f)(1) (2005) (formerly T.C.A. § 36-5-101(a)(5)) (emphasis added).